IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ELLIS EDWARD WILLIAMS,

    Petitioner,                          No. CIV S-08-1274 DAD P

    vs.

D.K. SISTO, Warden,                ORDER AND

    Respondent.                     FINDINGS AND RECOMMENDATIONS

_____/

        Petitioner, a state prisoner proceeding pro se, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner has paid the filing fee.

**PRELIMINARY SCREENING**

        Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court. . . ." Rule 4, Rules Governing Section 2254 Cases. The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus at several stages of a case, including "summary dismissal under Rule 4; a dismissal pursuant to a motion by the respondent; a dismissal after the answer and petition are considered; or a dismissal after consideration of the pleadings and an expanded record."

1

## BACKGROUND

In his petition for writ of habeas corpus, petitioner challenges the April 5, 2007 decision of the California Board of Parole Hearings denying him parole. Petitioner's sole claim is that the Board denied him his constitutional right to represent himself at his suitability hearing. According to petitioner, prior to attending his parole hearing he met with assigned counsel. At that time, he declined the assistance of an attorney and stated that he wanted to represent himself. Petitioner alleges, however, that the Board's presiding commissioner refused to allow him to represent himself at the hearing and informed him that a state-appointed attorney would represent his due process rights. (Pet. at 5; Attach. at 1-3; Pet'r's Decl. at i; Exs. B & D.)

## ANALYSIS

The instant petition should be dismissed. Even assuming for the sake of argument that there is any legal basis for petitioner's claim, the record in this case flatly contradicts the factual basis of petitioner's claim. Specifically, the record before this court establishes that the presiding commissioner at petitioner's parole hearing allowed him to represent himself during the proceedings. (Pet., Ex. D.)

At the outset of the hearing when petitioner stated that he wanted to represent himself, the presiding commissioner acknowledged that petitioner had submitted a request for waiver of attorney. The commissioner also noted, however, that at petitioner's previous parole hearing he needed the assistance of an attorney and could not conduct the hearing by himself. The commissioner informed petitioner that he was entitled to represent himself but that his appointed attorney would represent his due process concerns. Petitioner reiterated that he was qualified to represent himself and insisted that he wanted to speak to the panel directly and not through an attorney. The presiding commissioner responded that petitioner would be permitted represent himself, that panel members would speak directly to him and he to them, and that his state-appointed attorney was only there to monitor the proceedings to address any due process flaws in the proceedings. (Pet., Ex. D.)

| | |
|---|---|
| 1 | Petitioner then clarified for the Board that he did not want to be considered for |
| 2 | parole and instead wished to "make a statement." Specifically, the hearing proceeded as follows: |

> **Inmate Williams:** This is not a petition nor a campaign to be found suitable for parole. That's what I'm saying. In other words, that process, I don't even want, I'm not even here for that.
>
> **Presiding Commissioner Garner:** Well, that's kind of unfortunate because that's the whole purpose of the hearing today, sir. What do you think we're here for?
>
> **Inmate Williams:** . . . . I'm here to make a statement. After I make a statement, this will be my last time appearing before the Board. I will not be back any more after this hearing. But I'm just here to make a statement today.
>
> **Presiding Commissioner Garner:** You wish to make a statement at this point?
>
> **Inmate Williams:** I have a lot of statements to make.
>
> **Presiding Commissioner Garner:** Well, I'm only going to give you an opportunity to make statements with respect to the issue of suitability.
>
> **Inmate Williams:** Well.
>
> **Presiding Commissioner Garner:** And anything else that you wish to say, certainly, I have reviewed this material that you've presented to me today and my determination is that the material is not relative to the issue of your parole suitability. It's very interesting reading, but it's not relevant to my –
>
> **Inmate Williams:** Well, I think it's relevant. I think it's relevant.
>
> **Presiding Commissioner Garner:** Well, I've already determined it's not so we can move on now.
>
> **Inmate Williams:** Well, I would like to leave then. I don't want to –
>
> **Presiding Commissioner Garner:** That is certainly your right, sir.
>
> **Inmate Williams:** I don't want to participate.
>
> **Presiding Commissioner Garner:** That's your right, sir.
>
> **Inmate Williams:** Right. Thank you.
>
> **Presiding Commissioner Garner:** Officers, would you be nice enough to escort Mr. Williams back. I'll note for the record that . . . Mr. Williams has indicated that he does not wish to participate any further.

(Pet., Ex. D.)

/////

According to the transcript of petitioner's parole hearing, petitioner was allowed to and did in fact represent himself at all times during the parole hearing proceedings until he decided to voluntarily leave the hearing. Petitioner's attorney did not represent him in any fashion nor did counsel make any remarks beyond stating her presence and spelling her name for the record at the outset of the hearing. (Pet., Ex. D.) In this regard, there is no factual basis for petitioner's claim. Accordingly, petitioner is not entitled to habeas corpus relief, and this habeas action should be dismissed.

**CONCLUSION**

IT IS HEREBY ORDERED that:

1. Petitioner's September 5, 2008 request that the court issue an order to show cause (Doc. No. 5) is denied as moot;

2. Petitioner's September 5, 2008 request for judicial notice (Doc. No. 5) is denied as unnecessary; and

3. The Clerk of the Court is directed to randomly assign a United States District Judge to this action.

IT IS HEREBY RECOMMENDED that:

1. Petitioner's application for writ of habeas corpus be dismissed; and

2. This action be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, petitioner may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Petitioner is advised that failure to file objections within the

/////

/////

/////

specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: March 9, 2009.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
walk1274.156